IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-CR-77-BO
No. 5:02-CV-726-BO

| | | |
|---|---|---|
| ISABEL GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion for Relief from a Judgment or Order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. For the reasons discussed below, Petitioner's Motion is denied.

Petitioner seeks relief from the judgment of the denial of his 28 U.S.C. § 2255 motion. Under Federal Rule of Civil Procedure 60(c)(1), the district court may consider a motion for Relief from a Judgment or Order if that motion is filed within a reasonable time. Rule 60(b)(4) provides that the district court may relieve a party from a final judgment or order if the judgment is void.

Petitioner's § 2255 motion was denied by this Court on January 14, 2005. The United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal on May 5, 2006, as untimely. Petitioner's requests for rehearing and rehearing en banc were denied on July 18, 2006. Petitioner has since filed two Rule 60(b) Motions for Relief from Judgment, which were denied by this Court on June 3, 2007, and May 17, 2010. On November 29, 2007, and January 19, 2011, the Fourth Circuit declined to issue certificates of appealability on Petitioner's appeals

of this Court's denials of his previous Rule 60(b) motions.

A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction over the subject matter, or of the parties, or if it acted in a matter inconsistent with due process of law." *Schwarz v. U.S.*, 976 F.2d 213, 217 (4th Cir. 1992). Petitioner does not contend that this Court lacked subject matter jurisdiction or personal jurisdiction over Petitioner when it entered its order denying Petitioner's §2255 Motion. Rather, Petitioner contends that the Court's failure to appoint counsel to Petitioner at a hearing in 2004 resulted in violations of his Fifth and Sixth Amendment rights under the U.S. Constitution.

The record in this matter reflects that after remand from the Fourth Circuit, this Court on December 17, 2004, held a hearing on Petitioner's claims that the assistance of his counsel was ineffective when counsel failed to file a requested notice of appeal and failed to pursue objections to Petitioner's sentence. According to the transcript, Petitioner was unrepresented by counsel at the hearing. Although characterized on the Court's docket as a hearing on remand, the Court upon review and out of an abundance of caution finds that the December 17, 2004, hearing should have been deemed an evidentiary hearing.

Rule 8(c) of the Rules Governing §2255 Proceedings requires that the Court appoint counsel to represent Petitioner at an evidentiary hearing. Because Petitioner was unrepresented at the December, 17, 2004, hearing, the Court will again hold a hearing to determine the validity of Petitioner's claims of ineffective assistance of counsel. *See U.S. v. Harris*, 217 F.3d 841 (4th Cir. 2000).

Petitioner was previously found to be indigent by an order of the Court on July 22, 2003. Accordingly, Petitioner is hereby APPOINTED counsel to assist him at the evidentiary hearing. 18 U.S.C. §3006A. An evidentiary hearing in this matter is hereby set for this Court's

January 2012 term of Court. Petitioner's Motion for Relief from Judgment or Order is DENIED AS MOOT.

SO ORDERED, this 27 day of September, 2011

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE