IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-CR-77-BO
No. 5:02-CV-726-BO

| | |
|---|---|
| ISABEL GONZALEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

This matter is before the Court on Petitioner's Motion to Recuse pursuant to 28 U.S.C § 455(a). Petitioner contends that, in light of an earlier finding that Petitioner was not credible, the undersigned would be unable to impartially consider Petitioner's credibility at an evidentiary hearing set in this matter for March 20, 2012.

Section 455(a) provides that a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of [earlier] proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Additionally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555.

This Court's prior finding on Petitioner's credibility was a judicial ruling, and Petitioner has made no assertion that such finding evidences "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Id.*, or that someone with knowledge of all the

circumstances might reasonably question the undersigned's impartiality. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)). Accordingly, Petitioner's Motion to Recuse is DENIED.

SO ORDERED, this 29 day of Feb , 2012

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE